(4)

```
                              FILED

                            FEB - 8 2007

                        UNITED STATES BANKRUPTCY COURT
                        EASTERN DISTRICT OF CALIFORNIA
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 06-24083-C-7 |
| JASON A. KERSEY | ) MC No. DGN-1 |
| Debtor. | ) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY NOT INTENDED FOR
PUBLICATION**

These findings of fact and conclusions of law, which are not intended for publication, are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

<u>Jurisdiction</u>

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).



## Findings of Fact

Debtor filed his voluntary chapter 7 petition on October 10, 2006. He scheduled a 2006 Ford F-150 ("vehicle") as property of the estate. The first meeting of creditors was held on November 17, 2006. The chapter 7 trustee filed a report finding that there is no property available for distribution from the estate over and above that exempted by the debtor. Debtor was discharged from all dischargeable debts on January 24, 2007.

On January 23, 2007, Ford Motor Credit Company, ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to repossess the vehicle. The Kelley Blue Book value of the vehicle is approximately $15,000.00. Movant holds a lien on the vehicle in the approximate amount of $22,954.07. There is no evidence of any other liens against the vehicle.

Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

## Conclusions of Law

The automatic stay of acts against debtor *in personam* expires when the debtor is granted a discharge. 11 U.S.C. § 362(c)(2)(C). Acts against property of the estate remain stayed until the earliest of the time when the bankruptcy case is closed, dismissed, or the property ceases to be property of the estate. 11 U.S.C. § 362(c). The automatic stay may be terminated earlier if debtor fails to protect the secured

party's interest adequately, § 362(d)(1), and, with respect to a stay of an act against property, debtor does not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2)(B). The issue of whether the property is necessary to an effective reorganization is not considered in a chapter 7 case because no reorganization is contemplated in a chapter 7 case.

Although the debtor does not appear to have any equity in the vehicle, since the debtor was granted a discharge, the automatic stay has expired as to the debtor. Thus, the motion insofar as it is directed at the interest of the debtor is moot and will be denied.

However, the motion will be granted as to the interest of the trustee.

An appropriate order will issue.

Dated: February 8, 2007

_____
UNITED STATES BANKRUPTCY JUDGE

# CERTIFICATE OF SERVICE

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Jason A. Kersey
1711 Newcastle Road
Newcastle, CA 95658

Stephen J. Johnson
13620 Lincoln Way, #240
Auburn, CA 95603

Donald G. Nelson, Esq.
Jonathan E. Ayers, Esq.
Nelson & Kennard
2180 Harvard Street, Suite 160
P.O. Box 13807
Sacramento, CA 95853

John R. Roberts
P.O. Box 1506
Placerville, CA 95667

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Dated: 2-12-07

_____
Deputy Clerk
Jennifer Jahnsen